IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **THE BEACH HOUSE CLUB,**<br><br>　　　　**Plaintiff,**<br><br>vs.<br><br>**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,**<br><br>　　　　**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08CV287DAK |

　　　　This matter is before the court on Defendant's Motion to Alter or Amend Judgment requesting this court to alter or amend its Memorandum Decision and Order, dated August 17, 2009, and Plaintiff's Motion for Attorney Fees. The court concludes that oral argument would not significantly aid in its determination of the present motions. Therefore, based on the memoranda submitted by the parties and the law and facts relevant to the motions, the Court enters the following order.

## Defendant's Motion to Alter or Amend Judgment

　　　　Rule 59(e) of the Federal Rules of Civil Procedure authorizes a motion to alter or amend a judgment after its entry. However, "[a] Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks

omitted).   Thus, the scope of Rule 59(e) is quite limited:

> A party should not use a motion for reconsideration to reargue the motion or present evidence that should have been raised before. Moreover, a party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.  When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument under" [Rule 59(e)].

*NL Indus., Inc. v. Commercial Union Ins. Cos.*, 938 F. Supp. 248, 249-50 (D.N.J. 1996) (internal quotes omitted); *Resolution Trust Corp. v. Greif,* 906 F. Supp. 1446, 1456-57 (D. Kan. 1995)("A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court.").

In its motion, Defendant asserts that this court incorrectly found that Defendant delayed in presenting payment to the bank.  Rather, Defendant argues that there is no evidence in the record as to when the presentment was made and one of its employees testified that it is generally within a few days.  Whether Travelers or the bank delayed in the process, it does not change the fact that Plaintiff was prejudiced by the delay.  Moreover, the prejudicial delay was not the court's only basis for its ruling.  Defendant has not provided any new evidence or law that convinces the court that its prior ruling should be revisited. The court, therefore, concludes that there is no basis for altering or amending its prior ruling.

**Plaintiff's Motion for Attorney Fees**

Plaintiff seeks a recovery of its attorney fees under the Declaratory Judgments Act and Utah case law.  Defendant argues that the Utah Supreme Court recently reaffirmed that attorney fees are only recoverable in a first-party insurance case where the insurer is found to have committed bad faith.

The Declaratory Judgment act generally allows the court to award further and proper relief based on a declaratory judgment.  28 U.S.C. § 2202.  The Act does not specifically refer to attorney fees.  But, under Utah case law, attorney fees can be awarded in certain fairly narrow circumstances.  In *American States Ins. Co. v. Walker*, 486 P.2d 1042 (Utah 1976), the Utah Supreme Court allowed attorney fees against an insurer in a first party declaratory judgment action if it appeared "that the insurance company acted in bad faith or fraudulently or was stubbornly litigious."  *Id.* at 164-65.  This ruling was reaffirmed in *Doctors Co. V. Drezga*, 2009 UT 60, ¶ 32-37 ({The rule that attorney fees will not be available to a prevailing insured following an action for declaratory relief unless an insurer is found to have acted fraudulently, stubbornly or in bad faith remains undisturbed." *Id.* ¶ 38.

Also, in *Crist v. Insurance Co. of North America*, 529 F. Supp. 601 (D. Utah 1982), the court granted summary judgment on an insured's declaratory judgment action against the insured and found that the *Walker* test applied to its determination of  whether to award attorney fees.  *Id.* at 607.  The court, however, denied attorney fees because the record was insufficient to determine whether the litigation was spiteful, contentious, or obstructive."

The court finds no basis for awarding attorney fees in this case.  There is no evidence in the record suggesting bad faith or stubbornly litigious behavior on the part of Defendant.

Defendant had a fair basis for disputing the claim. Plaintiff did not file an action for bad faith based on Defendant's pre-lawsuit conduct, and nothing it cites to during the litigation process demonstrates bad faith, fraud, or undue stubbornness. Plaintiff would have this court find bad faith merely because Travelers lost on summary judgment and advocated its position throughout the litigation. The court will not do so. The issues presented in this case were difficult and the court finds that Traveler's acted appropriately under the circumstances.

Finally, Plaintiff argues that it is entitled to an award of attorney fees as consequential damages. Under *Canyon Country Store v. Bracey*, 781 P.2d 414 (Utah 1989) and *Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 468 (Utah 1996), Plaintiff claims that "a policyholder in a first-party action is entitled to recover the usual and customary one-third contingent fee against an insurer."

In *Saleh v. Farmers Ins. Ech.*, 2006 UT 20, the plaintiff sought attorney fees for a breach of an insurance contract, relying on *Billings* and *Bracey*. The court explained that "consequential damages (which include attorney fees) are only available when there has been a breach of the implied covenant of good faith and fair dealing." *Id.* ¶ 25. Therefore, attorney fees are not included a consequential damages for a breach of the insurance contract. Because there is no breach of the implied covenant of good faith and fair dealing in this case, the court cannot award Plaintiff attorney fees as consequential damages.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Alter or Amend Judgment requesting this court to alter or amend its Memorandum Decision and Order, dated August 17, 2009 is DENIED, and Plaintiff's Motion for Attorney Fees is DENIED.

DATED this 30th day of October, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge